UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>    Plaintiff,<br><br>  v.<br><br>D. GONZALES, et al.,<br><br>    Defendants. | No. 2:22-cv-1049 CKD P<br><br><u>FINDINGS AND REOMMENDATIONS</u> |

      Plaintiff is a California prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      After a review of the docket of this court and the United States District Court for the Northern District of California, the court has learned that plaintiff has "struck out" for purposes of 28 U.S.C. § 1915(g):

/////

1

1. In Candler v. Diaz, et al., 2:19-cv-0819 TLN AC, the assigned magistrate judge recommended dismissal of plaintiff's first amended complaint for failure to state a claim, ECF No. 12, with that recommendation being adopted and judgment being entered, ECF No. 13. Plaintiff did not appeal.

After reviewing the entire docket in above identified case in the light of the applicable case law, the court has no reason to find that it should not count as a "strike" under 28 U.S.C. § 1915(g).

2. In Candler v. Lewis, et al., 3:05-cv-1081 MMC from the United States District Court for the Northern District of California, the assigned district court judge dismissed plaintiff's complaint because it was obvious on the face of plaintiff's complaint that he had failed to exhaust available administrative remedies prior to filing suit. Plaintiff did not appeal.

In Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) the Ninth Circuit found that if it is clear from the face of a complaint that plaintiff has failed to exhaust available administrative remedies, dismissal for failure to state a claim is appropriate. Since Candler v. Lewis was effectively dismissed for failure to state a claim, that case constitutes "strike two."

3. In Candler v. Palko, et al., 2:19-cv-0394 MCE DMC, plaintiff presented a claim for intentional infliction of emotional distress and a claim arising under the Eighth Amendment. The intentional infliction of emotional distress claim was dismissed on February 18, 2020 for failure to state a claim. ECF Nos. 9, 10 & 19. The remaining defendant filed a motion to dismiss for failure to state a claim. ECF No. 23. The motion was granted on September 30, 2021. ECF No. 26, 31. The court found that plaintiff could not proceed on his Eighth Amendment claim based upon the collateral estoppel doctrine. Plaintiff did not appeal.

The dismissal of the Eighth Amendment claim was a little different than the dismissal in Candler v. Lewis, in that dismissal was based upon the face of the complaint and the content of court records the court judicially noticed. A court is entitled to take judicial notice of the contents of court records and then can consider it when ruling upon a motion to dismiss for failure to state a claim. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th 2001). But the court does not find that the use of the contents of court records in ruling on the motion to dismiss makes Candler

v. Palko, any less a "strike" than Candler v. Lewis.  Both dismissals were proper as plaintiff failed to state claims upon which relief could be granted as the phrase "failure to state a claim" is understood in Federal Rule of Civil Procedure 12(b)(6) and elaborative case law.

All three of these actions identified above were brought by plaintiff while he was incarcerated, and judgement was final in all three cases before plaintiff brought this action.

The allegations in plaintiff's complaint concern events which happened in the past and there is no allegation that plaintiff is in "imminent danger of serious physical injury."

In light of the foregoing, the court will recommend that plaintiff's request for leave to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee before he proceeds any further with this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and.

2. Plaintiff be ordered to pay the $402 filing fee for this action

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cand1049.3ks

3